# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. MCGLINCHEY, | ) |
| Plaintiff, | ) Civil Action No. 2:18-cv-0014 |
| v. | ) |
| | ) Chief United States Magistrate Judge |
| S.C.I. FAYETTE, et al., | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, John F. McGlinchey, a prisoner confined at SCI Coal Township, initiated this action on January 4, 2018, with the filing of a motion for leave to proceed *in forma pauperis* to bring a civil action without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion was denied on January 9, 2018, because the requisite financial documents were not included with the motion. 28 U.S.C. § 1915(a)(2).

Also, because the Court observed that Plaintiff's Complaint ran afoul of Rules 8 and 10 of the Federal Rules of Civil Procedure, he was instructed to file an amended complaint in which he should describe as legibly, clearly, and briefly as possible: (1) the specific events of conditions which violated his constitutional rights; (2) the name of each person who violated his constitutional rights; (3) the dates on which his constitutional rights were violated; (4), the harm

---

[1] Even though Plaintiff did not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Complaint, it is clear to this Court that Plaintiff is seeking to vindicate his federal Constitutional rights. However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated or another basis for federal jurisdiction, a liberal reading of the Complaint required the Court to construe the Complaint as one invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.

1

he suffered, if any, from each violation; and (5) the specific relief he is requesting. Plaintiff ws reminded of the requirement that he plead specific fact paragraphs in his amended complaint and that the caption of his amended complaint must contain the names of all of the defendants.

On June 26, 2018, Plaintiff submitted an Amended Complaint, which identifies 31 defendants, including unidentified individuals and/or "teams," as well as another DOC inmate. ECF No. 18. Again, he does not identify the actual claims he is attempting to assert. Rather, his filing is comprised of a variety of events involving various individuals, some of whom are identified and others who are not.

On November 20, 2018, all served DOC Defendants[2] filed the instant Motion for More Definite Statement, with brief in support. (ECF Nos. 34 and 35). For the reasons that follow, the Defendants' motion will be granted.

**Standard of Review**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response. Fed.R.Civ.P. 12(e). Generally, motions for a more definite statement are disfavored and should be granted only if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading.

---

[2] The DOC Defendants which have been served are Mr. Ankrom, Lieutenant Aston, Susan Berrier, Officer Beverage, Guard, Officer Brakirow, Steve Buzas, Dentist, John Doe Guard, John Doe Team of Guards, John Does of Extraction Team on 4/7/16 in Medical Unit, Sergeant Dubish, Deputy Superintendent Steven M. Gates, Guard, Officer Graff, Guard, Official Harbaugh, Captain Hawkinberry, Lieutenant Jones, Superintendent J. Lane, Sergeant Lilley, Darlene Linderman, Lieutenant Newman, Major of Guards Scott Nickelson, Sergeant Palatean, Lieutenant Parker, Lieutenant Puttman, Guard Officer Quorguinni, SCI Fayette, Security Captain Salvey, Guard, Officer Skoback, Guard, Officer Smith, Guard Snyder, Lieutenant Stalley, Greg Turcheck, Sergeant Wiles, and Security Officer Wood.

## Discussion

Despite the fact that the present pleading is Plaintiff's second attempt to properly allege the facts giving rise to his cause of action, it has failed. As with his original Complaint, the Amended Complaint provides a rambling and disjoined narrative about verbal threats, alleged physical and sexual assault, inadequate medical care, and possibly a host of other unrelated issues. Moreover, those averments containing facts are devoid of particularized details as to time and date, person(s) involved, and other basic tenants of proper notice pleading. Indeed, there is an utter lack of cohesive chronology sufficient to permit Defendants (and the Court) to clearly decipher who is alleged to have done what to whom and when. The result of this convoluted, unsupported and deficient document captioned "Amended Complaint" is that the ability of Defendants to frame a responsive pleading is impaired. It is the burden of the parties, in this instance, the Plaintiff, not the court, to properly frame the action through facts which are sufficient to support his claims. To paraphrase Judge Posner, no judge should be forced to search through a complaint like a pig hunting for truffles. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles buried in briefs.").

It is clear to the Court that the Amended Complaint continues to violate the "short and plain" statement rule which governs federal pleadings. It appears that Plaintiff has sued almost every staff member he came in contact with at SCI-Fayette and has lumped them together in bald, conclusory, rambling allegations that offer no specifics, and few dates. Plaintiff has utterly failed to once again comply with Rule 8. The Amended Complaint is not "short." It sprawls 24 pages of single spaced handwritten pages. Nor is the Amended Complaint "plain." Plaintiff's factual

and legal allegations are, to a substantial extent, incomprehensible. It is still virtually impossible to tell what the issues are and who was involved.

Further, the Amended Complaint violates the requirements for permissive joinder pursuant to Federal Rule of Civil Procedure 20(a). There is no indication that the majority of Plaintiff's array of claims share either common law or common fact and, accordingly, they are inappropriate for joinder under Rule 20. A careful reading of his allegations shows that the only common thread they appear to share is that the claims arise from Plaintiff's incarceration at SCI Fayette. Otherwise, the majority of claims appear unrelated and as such, do not satisfy the elements of joinder.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem,* 2007 WL 1576444, at *1 (M.D.Pa. May 30, 2007). *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby,* 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court.. . .").

In sum, the Amended Complaint is best described as a "kitchen sink" or "shotgun" complaint - a complaint in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are troublesome for many reasons. For one thing, complaints like the instant one unfairly burden defendants and courts. The plaintiff who files such a shotgun complaint shifts onto the defendant(s) and the Court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. This is not the job of either a defendant or the Court.

It is important to note that a "kitchen-sink" or "shotgun" complaint also harms the plaintiff who brings it. In most cases, a genuine dispute that supports a viable legal claim underlies a plaintiff's complaint. But this genuine dispute becomes almost impossible to discern when it is buried in pages of various allegations, some of which may or may not rise to the level of a viable claim. The Court will not be able to grant relief when it cannot read or understand what the party is requesting.

Based on the foregoing, and in the interests of justice to this pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff will be granted yet another opportunity to file a complaint which meets the requirements of the Federal Rules of Civil Procedure, as outlined above. The second amended complaint must be filed by **February 28, 2019.** Plaintiff is advised that the second amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaints already filed. Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations. It must contain short and plain statements identifying the person and the dates on which the conduct at issue occurred. Plaintiff should break down his allegations by

numbered paragraphs which lay out the factual allegations to support his claims. To the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, <u>and to the extent that these violations are unrelated to each other</u>, he should file separate complaints addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D.Pa. 1992).

Plaintiff is advised that failure to comply with this Order may result in the dismissal of all or part of the action. Accordingly, Defendants' motion will be granted and Plaintiff will be given one more opportunity to file a complaint which comports with the Federal Rules of Civil Procedure.

An appropriate Order follows.

**ORDER OF COURT**

**AND NOW, this 26th day of December, 2018,**

**IT IS ORDERED** that Defendants' motion is **GRANTED.** Plaintiff will be given one more opportunity to file a complaint which comports with the Federal Rules of Civil Procedure. Plaintiff shall file a Second Amended Complaint on the attached form on or before **February 28, 2019.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case administratively **CLOSED** until **February 28, 2019**, or until such time as Plaintiff has filed his second amended complaint, whichever is sooner.[3]

                                                              s/Cynthia Reed Eddy
                                                              Cynthia Reed Eddy
                                                              Chief United States Magistrate Judge

cc:     JOHN F. McGLINCHEY
         KF9248
         SCI Coal Township
         1 Kelley Drive
         Coal Township, PA 17866-1021
         (via U.S. First Class mail)

         Yana L. Warshafsky
         Office of the Attorney General
         (via ECF electronic notification)

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).