IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. McGLINCHEY, | ) | |
| | ) | Civil Action No. 2: 18-cv-0014 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| SUPERINTENDENT JAY LANE; | ) | |
| STEVE BUZAS; LIEUTENANT | ) | |
| NEWMAN; DEPUTY | ) | |
| SUPERINTENDENT STEVEN M. | ) | |
| GATES; AND SERGEANT LILLEY, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER[1]**

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 89), to which Plaintiff has responded in opposition. (ECF No. 95). For the reasons that follow, the motion will be denied.

**Procedural and Factual Background**

Plaintiff John F. McGlinchey ("Plaintiff" or "McGlinchey") is a state prisoner in the custody of the Pennsylvania Department of Corrections and is currently housed at the State Correctional Institution at Dallas. Through counsel, Plaintiff has filed a Third Amended Complaint ("TAC").[2]

This case arises out the physical and sexual assault experienced by Plaintiff by his

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and entry of final judgment. *See* ECF Nos. 1-6 and 28.

[2] The counseled Third Amended Complaint is Plaintiff's operative pleading. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. pending,* No. 19-867 (filed Jan. 8, 2020). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.*

1

cellmate, T.R., over a 4-day period while Plaintiff was housed at SCI-Fayette. Named as Defendants are Superintendent Jay Lane; Unit Manager Steve Buzas, Lieutenant Newman, Sergeant Lilley, and Deputy Superintendent Steven M. Gates. The TAC alleges an Eighth Amendment failure to protect claim against all Defendants and a First Amendment retaliation claim against Defendant Lilley.

Defendants do not dispute that Plaintiff was physically and sexually assaulted by his cellmate. Rather, they argue that the TAC should be dismissed because it (1) fails to allege the necessary personal involvement of the supervisory Defendants; (2) fails to state a failure to protect claim because there are no factual allegations showing that Defendants knew that T.R., the cellmate, was a dangerous and ill-suited cellmate for Plaintiff; and (3) fails to state a retaliation claim against Defendant Lilley. Not surprisingly, Plaintiff vigorously contests each of these arguments.

## Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp*., 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

A. <u>Eighth Amendment Failure to Protect Claims</u>

In the most general sense, a prison official violates the Eighth Amendment when these two elements are established: (1) the inmate alleges an objectively serious deprivation by a prison official of food, clothing, shelter, medical care, or safety; and (2) the prison official acted with a sufficiently culpable state of mind to deprive the inmate of his right to food, clothing, shelter, medical care, or safety. Of particular relevance to this case, the United States Supreme Court has addressed these two general elements as they apply to the failure to protect from assault by other inmates.  *Framer v. Brennan*, 511 U.S. 825, 832 (1994).  The Eighth Amendment also imposes a duty on prison officials to " ' take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). Despite this general requirement to protect inmates, "not . . . every injury suffered by one

3

prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834.

To state a cognizable failure to protect claim under § 1983, the inmate must demonstrate that two conditions are met.  First, for a claim "based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  Second, the inmate must show that prison officials acted with deliberate indifference to the safety of the inmate.  The test for deliberate indifference is twofold:  "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.  With these standards in mind, the Court will now examine Plaintiff's failure to protect claims.

    a.    <u>Substantial Risk of Serious Harm</u>

The Court finds that Plaintiff has satisfied the first prong of the inquiry.  Defendants do not dispute that Plaintiff was the victim of a violent attack by his cellmate.  The allegations of the TAC sufficiently plead that Plaintiff was put at substantial risk of serious harm.

    b.    <u>Deliberate Indifference</u>

Defendants argue that Plaintiff does not satisfy the deliberate indifference prong because he has failed to show particularized knowledge by the Defendants that there was a risk to Plaintiff.  However, the United States Supreme Court held in *Farmer* that an inmate could demonstrate deliberate indifference not only by showing that prison officials failed to respond to a particularized threat to the complaining plaintiff, but also "by showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had

4

been exposed to information concerning the risk." *Farmer,* 511 U.S. at 842.

Construed in the light most favorable to Plaintiff, the Court concludes that the failure to protect allegations against all defendants must continue beyond the Defendants' motion to dismiss. Discovery may well reveal that the alleged conduct of each of the Defendants does not give rise to a deliberate indifference claim, but at this early stage of litigation, the allegations of the TAC must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. The Court finds that Plaintiff has alleged enough to create plausible deliberate indifference claims against each of the Defendants. Thus, these claims will continue beyond the Defendants' motion to dismiss.

B.  First Amendment Retaliation Claim against Sergeant Lilley

It is well settled that "government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Allah v. Seiverling*, 229 F.3d 220, 224–25 (3d Cir. 2000)). To state a prima facie case of retaliation, a prisoner / plaintiff must demonstrate (1) that the conduct in which he engaged was constitutionally protected, (2) he suffered an "adverse action" at the hands of prison officials; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Here, the allegations of the TAC reflect that Plaintiff informed prison officials of a drug ring in C-Block that he believed to have been condoned by Sergeant Lilley. Thereafter, T.R., a known sex offender from a unit with a hit out on Plaintiff's life, was placed in Plaintiff's cell. When T.R. was brought into the cell, T.R. allegedly stated, "You're my Christmas present, Lilley gave you to me." TAC ¶¶ 36-37, 53.

The Court finds that the Plaintiff's TAC sets forth sufficient facts to state a plausible First Amendment claim against Sergeant Lilley.  At this early stage of the litigation, and accepting the facts alleged in the TAC as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged enough to create a plausible retaliation claim that will be allowed to continue beyond Defendants' motion to dismiss.

An appropriate Order follows.

## ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is denied.  Defendants shall file an Answer on or before May 29, 2020, pursuant to Fed.R.Civ.P. 12(a)(4).

**IT IS SO ORDERED** this 15th day of May, 2020.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:    All Counsel of Record
       (via ECF electronic notification)